## MATER INVESTMENT COMPANY v. JORDAN-CARISCH, INCORPORATED AND ANOTHER.[1]

January 24, 1930.

No. 27,533.

[1]Reported in 228 N. W. 933.

*Herbert H. Hoar,* for appellant.
*J. A. Mansfield,* for respondents.

OLSEN, C.

Plaintiff appeals from an order denying its motion for a new trial as against the defendant John C. Jordan.

The action was brought against Jordan-Carisch, Incorporated, a corporation, and John C. Jordan, jointly as defendants. The complaint alleges a joint contract by the defendants with the plaintiff, whereby plaintiff agreed to procure one or more persons to invest up to $35,000 in the Jordan-Carisch corporation and the Holmes Jordan Radio Company, a partnership, and the defendants agreed to pay plaintiff for its services in so doing; that plaintiff found one Boutin, who purchased stock in the Jordan-Carisch corporation and loaned it other money. It is also alleged that he obtained an interest in the Holmes Jordan Radio Company. There was no written contract.

At the close of the evidence the trial court, on motion of defendant Jordan, dismissed the action as to him. The jury found a verdict against Jordan-Carisch, Incorporated. The question presented is whether the court erred in dismissing the action as to John C. Jordan.

Defendant John C. Jordan owned all but a few shares of the capital stock of the corporation Jordan-Carisch, Incorporated, and was the president and manager thereof. He testified that he owned the Holmes Jordan Radio Company, which was conducted in that name as a partnership. The two companies were operated together by him in the same offices and were engaged in manufacturing and selling radios. Apparently the manufacturing part of the business was conducted by the corporation, and the other company had charge of the merchandising or selling of the product. It was

essentially a joint business enterprise. On account of his health and perhaps for other reasons, Mr. Jordan wished either to sell out the entire business or get one or a limited number of other parties to take over a substantial interest in the business so as to relieve him of part of the responsibility and permit him to be absent from the business. At some time, not definitely fixed but apparently during the transaction resulting in bringing Mr. Boutin into the business, the Holmes Jordan Radio Company was taken over by or merged in the Jordan-Carisch corporation. Mr. Boutin invested $15,000 in the business, receiving stock in the corporation for $8,000 and credit on its books for $7,000.

The evidence is amply sufficient to show that defendant Jordan personally was interested in and benefited by obtaining Mr. Boutin to invest money in the business. His personal interest in the matter was fully as great as that of the corporation defendant. He conducted all the negotiations with plaintiff and he alone represented the Jordan-Carisch corporation, the Holmes Jordan Radio partnership, and himself. An audit was made of the entire business of both concerns as a basis for Boutin's investment. In his conversations and negotiations with plaintiff Mr. Jordan stated that both companies were owned by him, with the exception of small or nominal interests of others. There was talk of selling the entire business. Mr. Jordan informed plaintiff that the two companies were to be merged. He stated that he wanted financial assistance so that he could be absent from the business and be relieved of responsibility. There was nothing said as to who was to pay plaintiff for its services. These and other items of evidence tend to show that Mr. Jordan was acting for himself and in his own behalf as well as for the corporation in employing the plaintiff. The evidence, taken as a whole, is not inconsistent with plaintiff's theory that there was a joint contract whereby both defendants employed the plaintiff.

We conclude that it was a question of fact for the jury whether, if a contract of employment was entered into and performed, it was a joint contract binding on both defendants.

It is not a case of an undisclosed principal requiring an election. Neither is it a case of an agent acting solely for a disclosed principal so that the principal alone is bound. The issue here is whether the contract of employment, if one was made, was a joint contract by the two defendants so that both were bound. Under the evidence here that was a question of fact.

■ It is contended that plaintiff, having gone to the jury and recovered a verdict against the corporation, has proceeded on the theory that the corporation alone is liable and cannot now change its position. The record does not show anything done by plaintiff during the trial indicating that it presented its case on any theory different from that stated in its complaint, namely, that there was a joint contract of employment binding on both defendants. When the court at the close of the evidence dismissed the action as to one defendant, plaintiff had no option except either to dismiss as to the other defendant or to go to the jury, as it did. It was not required to dismiss in order to save its rights as against defendant Jordan. Having then promptly moved for a new trial on the ground of error in dismissing as to him, the question is properly here. The plaintiff of course can have but one satisfaction of its claim. In the event of a recovery against defendant Jordan on a new trial and if separate judgments should be entered, the trial court will readily guard against any double collection.

Other assignments of error are not found important.

Order reversed and new trial granted as against defendant John C. Jordan.